

**FILED**

AUG 1 2 2021

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KIMBERLY A. DAVIS,

        Plaintiff,

v.                                ACTION NO. 2:19cv573

UNITED STATES POSTAL SERVICE, *et al.*,

        Defendants.

## DISMISSAL ORDER

Plaintiff Kimberly A. Davis ("Plaintiff"), appearing *pro se*, filed this action against her former employer, Defendant United States Postal Service ("Defendant").[1] This matter is before the Court on (i) Defendant's "Motion to Dismiss Second Amended Complaint" ("Third Motion to Dismiss"); (ii) Plaintiff's "Motion to Proceed with Case" ("First Motion to Proceed"); and (iii) Plaintiff's "Motion to Proceed" ("Second Motion to Proceed").[2] Third Mot. Dismiss. ECF No. 25; First Mot. Proceed, ECF No. 28; Second Mot. Proceed, ECF No. 29.

The Court concludes that oral argument is unnecessary because the facts and legal arguments are adequately presented in the parties' filings. For the reasons set forth below, Defendant's Third Motion to Dismiss, ECF No. 25, is **GRANTED**; Plaintiff's First Motion to

---

[1] When Plaintiff initiated this action, she also named Joanne Little, Guillermo Helleby, Traci Miller, Mark Nembhard, Doris Shaw, Teresa Cheracles, and Larry Walker (collectively, the "Individual Defendants") as Defendants; however, the Individual Defendants were dismissed from this action by a prior Order of the Court. Compl. at 2, 6, ECF No. 3; Order at 1-2, ECF No. 11.

[2] As explained herein, although Plaintiff's First Motion to Proceed and Second Motion to Proceed are styled as motions, the filings are more properly characterized as response briefs in opposition to Defendant's Third Motion to Dismiss. For purposes of this Dismissal Order, the Court has considered Plaintiff's filings as both motions and response briefs.

Proceed, ECF No. 28, is **DENIED**; and Plaintiff's Second Motion to Proceed, ECF No. 29, is

**DENIED**.  This action is hereby **DISMISSED** with prejudice.

## I.  Relevant Background

### A.  Plaintiff's Initial Complaint

In her initial Complaint, Plaintiff, a former employee of Defendant, claimed that she was

subjected to conduct in the workplace that violated her rights under Title VII of the Civil Rights

Act of 1964 ("Title VII").  Compl. at 3, ECF No. 3.  Plaintiff's Complaint consisted primarily of

(i) a five-page "Complaint for a Civil Case" form; (ii) a handwritten narrative of events; and

(iii) 117 pages of exhibits.  *Id.* at 1-17; Exs., ECF No. 3-1.  On February 10, 2020, Defendant

filed a Motion to Dismiss ("First Motion to Dismiss").  First Mot. Dismiss, ECF No. 12.  In its

motion, Defendant argued, in part, that Plaintiff's Complaint failed to comply with the federal

pleading standards set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure.[3]  Mem.

Supp. First Mot. Dismiss at 5-7, ECF No. 13.

In an Order dated July 9, 2020, the Court, in deference to Plaintiff's *pro se* status, granted

Plaintiff leave to file an Amended Complaint.  Order at 3, ECF No. 16.  The Court stated:

> Plaintiff is **ORDERED** to file an Amended Complaint within twenty-one days
> from the date of entry of this Order.  **Plaintiff is ADVISED that the Amended
> Complaint will supersede her original Complaint and will become the
> operative complaint in this action.**  As such, Plaintiff's Amended Complaint
> must:
>
> (i)     comply with the federal pleading standards set forth above;
>
> (ii)    clearly state, with specificity, each and every claim that Plaintiff intends to
> assert in this action;

---

[3] Federal Rule 8 provides that a claim for relief must contain (i) a "short and plain
statement of the claim showing that the pleader is entitled to relief;" and (ii) allegations that are
"simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(d)(1).  Federal Rule 10
provides that "a party must state its claims . . . in numbered paragraphs, each limited as far as
practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).

(iii)  clearly set forth the factual allegations upon which each specific claim is based; and

(iv)  clearly explain the extent to which Plaintiff exhausted her administrative remedies on any claims that require such exhaustion.

*Id.* (emphasis in original).  Because the Court granted Plaintiff leave to file an Amended Complaint, the Court dismissed Defendant's First Motion to Dismiss as moot.  *Id.* (citing *Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001)).

## B.  **Plaintiff's Amended Complaint**

On July 29, 2020, Plaintiff filed an Amended Complaint.  Am. Compl., ECF No. 17.  Plaintiff's Amended Complaint consisted of three-and-a-half pages of disjointed allegations, in unnumbered paragraphs, that were difficult to decipher.  *Id.* at 1-4.  In her Amended Complaint, Plaintiff alleged that she was sexually assaulted at work by a co-worker, Guillermo Helleby ("Mr. Helleby"), who "plac[ed] his genitals on [Plaintiff's] backside and produc[ed] a humping motion [that] was unreasonable and very much unwelcomed physical conduct."[4]  *Id.* at 1.  Plaintiff further alleged that:

- Plaintiff's "sexuality was called into question because of [her] lack of interest in men at the Postal Service;"

- Joanne Little told Plaintiff's co-workers that she believed Plaintiff was a homosexual, which "led management to believe [Plaintiff] came back [from her route] when [Ms. Little] did because [Plaintiff] had an interest in her;"

- Plaintiff was "watched" and investigated by management;

---

[4] Plaintiff's Amended Complaint did not provide a timeframe for the alleged sexual assault or any subsequent reporting of the sexual assault; however, based on Plaintiff's other allegations, it appeared that Plaintiff did not inform Defendant of the alleged sexual assault until at least a year after it occurred.  For example, in her Amended Complaint, Plaintiff referred to the alleged sexual assault, summarized other alleged wrongdoing, stated that she became a full-time employee "[a]fter a year," and *thereafter* "began to grieve and submit instances of harassment."  Am. Compl. at 1-2, ECF No. 17.  Additionally, in her Amended Complaint, Plaintiff alleged that "[t]he first person [she] told of the sexual assault was [Plaintiff's] union president, Mark Nembhard," and in Plaintiff's initial Complaint, Plaintiff alleged that she "told [Mark Nembhard] of the sexual harassment" "after a year."  *Id.* at 2; Compl. at 12, ECF No. 3.

- Plaintiff was required to "clean . . . up" the mail routes, in addition to her own work, whenever regular mail carriers failed to make their time;

- Ms. Little "began to humiliate [Plaintiff] with her words and actions;"

- Plaintiff "asked to be moved to another station," and was investigated by management at the new station;

- Plaintiff's route times were "better than the regulars[,] which got everyone audited" and made the regulars "hate[]" Plaintiff;

- Plaintiff was subjected to "joking and banter;"

- Plaintiff "was threatened to be cut up by Doris Shaw if [Plaintiff] returned when [Ms. Shaw] did;"

- Plaintiff was required to "go[] to four different stations working auxiliary routes," which included "several routes from all over the zip code;"

- Plaintiff continued to be "investigated" and "followed" "even though they paid no attention to anyone else;"

- Plaintiff "asked [her] union for help[,] and when they did not[,] [Plaintiff] began to grieve and submit instances of harassment;"

- Plaintiff experienced "a cycle of denials," and "those who spoke up for [Plaintiff]" were "threatened [with] retaliation;"

- Plaintiff "was never taken seriously but those who oppose[d] [Plaintiff] got the red carpet rolled out on their investigations;"

- Plaintiff "asked for help and got none no matter which way [she] turned;"

- Plaintiff gave speeches to co-workers about "bullying and suicide prevention" for "[t]wo years in a row," and was later told that "speeches had to be approved" by the postmaster; and

- Plaintiff suffered physically and mentally due to the issues experienced at work.

*Id.* at 1-4. Plaintiff's Amended Complaint contained general references to negligence, a hostile work environment, the intentional infliction of emotional distress, discrimination, and harassment; however, the Amended Complaint did not clearly identify the claims that Plaintiff sought to assert against Defendant in this action. *Id.*

4

On August 12, 2020, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint ("Second Motion to Dismiss"), in which it argued, among other things, that dismissal of this action was warranted under Federal Rules 8 and 10. Second Mot. Dismiss, ECF No. 18; Mem. Supp. Second Mot. Dismiss at 4-6, ECF No. 19. Defendant argued:

> Plaintiff's Amended Complaint does not contain a "short and plain statement" showing that she is entitled to relief, nor does it contain "simple, concise and direct" allegations. *See* Am. Compl. The Amended Complaint contains no numbered paragraphs, does not specify any causes of action, does not explain who the individuals referenced in the Amended Complaint are or how they are affiliated with [Defendant], and provides only sporadic details about numerous seemingly unrelated events that occurred over nine years. *Id.* While [Defendant] has used its better efforts to construe the Amended Complaint, it is impossible for [Defendant] to meaningfully respond to the Amended Complaint as written, and [Defendant] respectfully submits it may also be difficult for the Court to sort the facts "hidden in a mass of charges, arguments, generalizations and rumors." *Holsey v. Collins*, 90 F.R.D. 122, 123-24 (D. Md. 1981). Like her initial Complaint, Plaintiff's Amended Complaint fails to comply with Federal Rules of Civil Procedure 8 and 10, and [Defendant] respectfully submits the Amended Complaint should be dismissed.

Mem. Supp. Second Mot. Dismiss at 5-6.

In an Order dated December 30, 2020, the Court explained:

> [O]ne purpose of the pleading requirements set forth in the Federal Rules is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bolton v. Chesterfield Cty. Sch. Bd.*, No. 3:19cv558, 2020 U.S. Dist. LEXIS 177072, at *5 (E.D. Va. Sept. 25, 2020) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Mueller v. Henrico Cty. Sch. Bd.*, No. 3:18cv848, 2020 U.S. Dist. LEXIS 164920, at *10 (E.D. Va. Sept. 9, 2020). "Another purpose is to 'frame[] the issue[s] and provide the basis for informed pretrial proceedings.'" *JTH Tax, Inc. v. Hines*, No. 2:15cv558, 2017 U.S. Dist. LEXIS 136284, at *5 (E.D. Va. July 19, 2017) (alterations in original) (quoting *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011)), *adopted by* 2017 U.S. Dist. LEXIS 136287 (E.D. Va. Aug. 24, 2017). In determining whether a plaintiff's pleading complies with the Federal Rules, courts consider, among other things, "whether the [pleading] was clear enough to enable the [opposing party] to know how to defend himself." *Id.* (alterations in original) (citation omitted).
>
> Although courts are required to liberally construe complaints filed by *pro se* litigants, this principle "has its limits." *Suggs v. M&T Bank*, 230 F. Supp. 3d 458, 461 (E.D. Va. 2017). This Court has explained that "[e]ven *pro se* plaintiffs must

5

recognize Rule 8's vision for 'a system of *simplified pleadings* that give[s] notice of the general claim asserted, allow[s] for the preparation of a basic defense, *narrow[s] the issue* to be litigated, and provide[s] a means for quick dispositions of sham claims.'" *Mueller*, 2020 U.S. Dist. LEXIS 164920, at *10 (emphasis in original) (quoting *Sewraz v. Morchower*, No. 3:08cv100, 2009 U.S. Dist. LEXIS 6007 at *2 (E.D. Va. Jan. 28, 2009)). Further, although liberal construction of *pro se* complaints is required, the Court "cannot act as a *pro se* litigant's 'advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint.'" *Bolton*, 2020 U.S. Dist. LEXIS 177072 at *5 (alterations in original) (quoting *Newkirk v. Circuit Court*, No. 3:14cv372, 2014 U.S. Dist. LEXIS 113032, at *3 (E.D. Va. Aug. 14, 2014)).

Order at 6-7, ECF No. 22.

Upon review of Plaintiff's Amended Complaint, Defendant's Second Motion to Dismiss, and the parties' briefs, the Court determined that Plaintiff's Amended Complaint failed to comply with the federal pleading standards set forth in Federal Rules 8 and 10. *Id.* at 8. Specifically, the Court determined:

> Plaintiff's Amended Complaint (i) does not contain "a short and plain statement of the claim[s]" that Plaintiff intends to assert against Defendant; (ii) does not contain "simple, concise, and direct" allegations; and (iii) does not state Plaintiff's claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(d)(1); Fed. R. Civ. P. 10(b). Due to these failures, the Court and Defendant are left to "speculate as to the relevance of many of the statements contained in the [complaint], rendering the task of piecing together what has happened in th[e] case impracticable." *Mueller*, 2020 U.S. Dist. LEXIS 164920, at *12 (dismissing a *pro se* plaintiff's complaint for failure to comply with federal pleading standards); *see Bolton*, 2020 U.S. Dist. LEXIS 177072, at *7-8 (same). Further, the Court finds that attempts to discern Plaintiff's claims under these circumstances could result in improper "advocating" or *sua sponte* claim development by the Court. *Mueller*, 2020 U.S. Dist. LEXIS 164920, at *12 (explaining that "the Court cannot risk advocating or developing statutory or constitutional claims *sua sponte*").

*Id.* at 8-9.

Additionally, the Court determined that dismissal of this action was warranted under Federal Rule 41(b) because Plaintiff's Amended Complaint did not comply with the clear instructions set forth in the Court's July 9, 2020 Order. *Id.* at 9 (citing Fed. R. Civ. P. 41(b)).

Specifically, the Court determined that, contrary to the Court's instructions, Plaintiff's Amended Complaint:

> (i) d[id] not comply with the federal pleading standards; (ii) d[id] not "clearly state, with specificity, each and every claim that Plaintiff intends to assert in this action;" (iii) d[id] not "clearly set forth the factual allegations upon which each specific claim is based;" and (iv) d[id] not "clearly explain the extent to which Plaintiff exhausted her administrative remedies on any claims that require such exhaustion."

*Id.* (quoting Order at 3, ECF No. 16).

For all of these reasons, the Court granted Defendant's Second Motion to Dismiss and dismissed Plaintiff's Amended Complaint. *Id.* However, in deference to Plaintiff's *pro se* status, the Court dismissed Plaintiff's Amended Complaint without prejudice, and granted Plaintiff leave to file a Second Amended Complaint within twenty-one days. *Id.* In its December 30, 2020 Order, the Court specifically stated that the Second Amended Complaint must:

> (i)   comply with the federal pleading standards set forth in Federal Rules 8 and 10;
>
> (ii)  clearly state, with specificity, each and every claim that Plaintiff intends to assert in this action;
>
> (iii) clearly set forth the factual allegations upon which each specific claim is based; and
>
> (iv)  clearly explain the extent to which Plaintiff exhausted her administrative remedies on any claims that require such exhaustion.

*Id.* at 9-10. Further, the Court's December 30, 2020 Order contained the following express warning: **"Plaintiff is ADVISED that this action will be dismissed with prejudice if she fails to file a Second Amended Complaint that strictly complies with the terms of this Order."** *Id.* at 10 (emphasis added).

### C. Plaintiff's Second Amended Complaint

On January 20, 2021, Plaintiff filed a two-page, untitled document, which the Court herein construes as Plaintiff's Second Amended Complaint. Second Am. Compl., ECF No. 23. In her

Second Amended Complaint, Plaintiff asks "that [her] case not be dismissed." *Id.* at 1. Plaintiff claims that Defendant maintains "a system that protects its own," and that "if a person speaks out against any injustice, they are ostracized and not assisted." *Id.* Plaintiff alleges that she was sexually assaulted by Mr. Helleby, but that because Plaintiff "knew [she] had no permanent standing," Plaintiff "remained quiet" about the assault "until [she] made full[-]time."[5] *Id.* Plaintiff alleges that after she reported the incident, Defendant "had over four years to investigate the assault but never did so until after [Mr. Helleby] had retired." *Id.* Plaintiff alleges that after Mr. Helleby retired, "several people" were interviewed, a "report was done," but "[t]here was no action taken." *Id.* Plaintiff alleges that she "ha[s] contacted the Senator, Governor and even the police" about the assault, but that "[n]o one could help [her]." *Id.* Plaintiff alleges that she was "labeled a snitch," "mistreated," and "harassed by the postal workers." *Id.* at 1-2. Plaintiff asks the Court to "move [her] case forward" so that those responsible may be held "accountable for their actions." *Id.* at 2.

On January 26, 2021, Defendant filed a Third Motion to Dismiss, and provided Plaintiff with a proper *Roseboro* Notice pursuant to Rule 7(K) of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. Third Mot. Dismiss, ECF No. 25; *Roseboro* Notice, ECF No. 27; *see* E.D. Va. Loc. Civ. R. 7(K). Plaintiff filed a First Motion to Proceed and a Second Motion to Proceed on January 29, 2021, and March 1, 2021, respectively. First Mot. Proceed, ECF No. 28; Second Mot. Proceed, ECF No. 29. Although Plaintiff's First Motion to Proceed and Second Motion to Proceed are styled as motions, the filings are more properly characterized as response briefs in opposition to Defendant's Third Motion to Dismiss. For

---

[5] Plaintiff's Second Amended Complaint, like her Amended Complaint, does not provide a specific timeframe for the alleged assault or any subsequent reporting of the alleged assault. Second Am. Compl. at 1, ECF No. 23. However, as explained above, Plaintiff's previous allegations suggest that Plaintiff did not report the incident for at least a year. *See supra* note 4.

purposes of this Dismissal Order, the Court has considered Plaintiff's filings as both motions and response briefs.   All pending motions are ripe for adjudication.

## II.    Defendant's Third Motion to Dismiss and Plaintiff's Motions to Proceed

In its Third Motion to Dismiss, Defendant argues, among other things, that Plaintiff's Second Amended Complaint should be dismissed pursuant to Federal Rule 41(b) based on Plaintiff's failure to comply with the terms of the Court's December 30, 2020 Order.   Mem. Supp. Third Mot. Dismiss at 3-6, 8-10, ECF No. 26.

Federal Rule 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."   Fed. R. Civ. P. 41(b).   As the United States Court of Appeals for the Fourth Circuit has explained, this dismissal power "derives from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"   *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)); *see Zaczek v. Fauquier Cty.*, 764 F. Supp. 1071, 1074-75 (E.D. Va. 1991).   In determining whether to dismiss an action with prejudice under Federal Rule 41(b), a court may consider: (i) "the plaintiff's degree of personal responsibility;" (ii) "the amount of prejudice caused the defendant;" (iii) "the presence of a drawn out history of deliberately proceeding in a dilatory fashion;" and (iv) "the effectiveness of sanctions less drastic than dismissal."   *Attkisson*, 925 F.3d at 625.   However, these factors "are not a rigid four-prong test."   *Id.* (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1990)). "[T]he propriety of an involuntary dismissal ultimately depends on 'the facts of each case,'" and is subject to the court's "sound discretion."   *Id.* (quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)); *see Tinsley v. Quick & Reilly, Inc.*, 216 F.R.D. 337, 338 (E.D. Va. 2001) (dismissing an action with prejudice under Federal Rule 41(b) based on a plaintiff's failure to comply with two

9

court orders, one of which expressly warned the plaintiff that failure to comply would result in dismissal).

As summarized above, in an Order dated December 30, 2020, the Court granted Defendant's Second Motion to Dismiss and dismissed Plaintiff's Amended Complaint. Order at 9, ECF No. 22. However, in deference to Plaintiff's *pro se* status, the Court dismissed Plaintiff's Amended Complaint without prejudice, and granted Plaintiff leave to file a Second Amended Complaint that complied with certain, specific instructions. *Id.* at 9-10. The Court stated that Plaintiff's Second Amended Complaint must:

> (i) comply with the federal pleading standards set forth in Federal Rules 8 and 10;
>
> (ii) clearly state, with specificity, each and every claim that Plaintiff intends to assert in this action;
>
> (iii) clearly set forth the factual allegations upon which each specific claim is based; and
>
> (iv) clearly explain the extent to which Plaintiff exhausted her administrative remedies on any claims that require such exhaustion.

*Id.* The Court expressly warned Plaintiff that this action would be dismissed with prejudice if Plaintiff failed to file a Second Amended Complaint that "strictly complie[d]" with the terms of the December 30, 2020 Order. *Id.* at 10.

Defendant argues that this action should be dismissed with prejudice under Federal Rule 41(b) because Plaintiff's Second Amended Complaint "fail[s] to comply with the Court's directives" set forth in its December 30, 2020 Order. Mem. Supp. Third Mot. Dismiss at 3-6. Specifically, Defendant argues that Plaintiff's Second Amended Complaint is, "in essence, . . . a *condensed* narrative of the prior complaint that this Court has already found deficient," and does not "comply with the federal pleading standards set forth in Federal Rules 8 and 10," as required by the Court in its December 30, 2020 Order. *Id.* at 5 (emphasis in original).

Defendant further argues that Plaintiff's Second Amended Complaint:

> does not identify the legal theory upon which Plaintiff's claims are based; does not identify the jurisdictional basis upon which the Court's jurisdiction rests; and, even assuming Plaintiff's claim is premised on a Title VII/hostile work environment claim, does not set forth facts plausibly showing that the conduct alleged was sufficiently severe or pervasive; that a protected characteristic was the but-for cause of the conduct; or that a basis exists to impute liability for the alleged conduct to the [Defendant].

*Id.* Thus, Defendant maintains that Plaintiff failed to "clearly state, with specificity, each and *every claim* that Plaintiff intends to assert in this action," and "clearly set forth the *factual allegations* upon which each specific claim is based," as required by the Court in its December 30, 2020 Order. *Id.* (emphasis in original).

Additionally, Defendant argues that Plaintiff's Second Amended Complaint does not comply with the Court's directive to explain the extent to which Plaintiff exhausted her administrative remedies. *Id.* at 5-6. Defendant states:

> As this Court observed in its December 30, 2020, Order, the facts as then alleged by Plaintiff demonstrated that Plaintiff did not inform the Postal Service of the alleged discriminatory behavior "until at least a year after it occurred." Pursuant to 29 C.F.R. § 1614.105(a)(1), to properly exhaust, Plaintiff was obligated to initiate EEO counseling regarding her complaints of discrimination within 45-days of the alleged discrimination. The [Second Amended Complaint] does not include any allegations concerning Plaintiff's proper exhaustion of her administrative remedies, leaving the Court only with a prior finding that proper, and timely, administrative exhaustion never occurred.

*Id.* (citations omitted). Defendant argues that because Plaintiff failed to comply with the Court's directives regarding the required content of Plaintiff's Second Amended Complaint, "the Court's stated consequences must now be imposed and the [Second Amended Complaint] dismissed with prejudice." *Id.* at 4.

In her First Motion to Proceed, Plaintiff reiterates several of the allegations in her Second Amended Complaint, summarizes the injuries that Plaintiff has allegedly suffered as a result of Defendant's actions, and asks the Court to allow this action to proceed. First Mot. Proceed at 1-2,

11

ECF No. 28. In her Second Motion to Proceed, Plaintiff claims that she has provided adequate "proof of miscarriage of justice," and asks the Court to "move forward with the Federal Case against [Defendant]." Second Mot. Proceed at 1, ECF No. 29.

Here, the Court finds that Plaintiff's Second Amended Complaint does not comply with the directives set forth in the Court's December 30, 2020 Order. Specifically, the Court finds that the Second Amended Complaint (i) does not fully comply with the pleading requirements of Federal Rules 8 and 10; (ii) does not clearly identify Plaintiff's intended claims; and (iii) does not explain the extent to which Plaintiff exhausted her administrative remedies prior to filing this lawsuit. Further, the Court finds that Plaintiff's failure to comply with the Court's December 30, 2020 Order, as well as the Court's July 9, 2020 Order,[6] has caused significant delays in this proceeding and has unduly prejudiced Defendant, who has moved to dismiss this action on three separate occasions. Additionally, as explained above, the Court has already granted Plaintiff leave to amend the operative complaint in this action on two separate occasions. As a result, the Court finds that the provision of further amendment opportunities are unwarranted and would be futile.

Under these circumstances, and in light of the Court's prior express warning that Plaintiff's failure to strictly comply with the terms of the December 30, 2020 Order would result in the dismissal of this action with prejudice, the Court finds that dismissal of this action with prejudice is warranted under Federal Rule 41(b).[7] Accordingly, Defendant's Third Motion to Dismiss, ECF

---

[6] As explained above, the Court previously determined in its December 30, 2020 Order that Plaintiff failed to comply with the terms of the Court's July 9, 2020 Order, and for that reason, dismissal of this action was warranted under Federal Rule 41(b). *See supra* pp. 6-7; *see also* Order at 9, ECF No. 22. However, instead of dismissing this action at that time, the Court provided Plaintiff with another amendment opportunity. *See supra* pp. 6-7; *see also* Order at 9.

[7] Defendant also argues that Plaintiff's Second Amended Complaint should be dismissed under Federal Rule 12(b)(6). Mem. Supp. Third Mot. Dismiss at 2, 8-10, ECF No. 26; *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that a complaint may be dismissed under Federal Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is

No. 25, is **GRANTED**; Plaintiff's First Motion to Proceed, ECF No. 28, is **DENIED**; and Plaintiff's Second Motion to Proceed, ECF No. 29, is **DENIED**. This action is hereby **DISMISSED** with prejudice.

### III.   Conclusion

For the reasons set forth above, Defendant's Third Motion to Dismiss, ECF No. 25, is **GRANTED**; Plaintiff's First Motion to Proceed, ECF No. 28, is **DENIED**; and Plaintiff's Second Motion to Proceed, ECF No. 29, is **DENIED**. This action is hereby **DISMISSED** with prejudice.

Plaintiff may appeal this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within sixty days from the date of entry of this Dismissal Order.

The Clerk is **DIRECTED** to docket this Dismissal Order in the Court's electronic filing system.[8]

IT IS SO **ORDERED**.

Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August ____, 2021

---

plausible on its face"); *see also* Fed. R. Civ. P. 12(b)(6). Here, the Court finds that, despite receiving multiple opportunities to do so, Plaintiff has not alleged sufficient facts to state a plausible claim for relief against Defendant. Thus, the Court finds that Federal Rule 12(b)(6) provides an additional basis for the dismissal of this action.

[8] On November 22, 2019, the Court granted Plaintiff's E-Noticing Registration Request. Order at 1-2, ECF No. 6. Accordingly, when this Dismissal Order is docketed, all individuals who have registered to receive electronic filings in this case, including Plaintiff and all counsel of record, will receive an automatically generated e-mail message from the Court's electronic filing system containing a Notice of Electronic Filing, with a hyperlink to this Dismissal Order.